IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY C. NAGEL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:15-cv-01669- RCM |
| ) | |
| v. ) | |
| ) | *Electronically Filed* |
| SIEMENS INDUSTRY, INC., SIEMENS ) | |
| RAIL AUTOMATION CARBORNE ) | |
| SYSTEMS, INC., AND SIEMENS RAIL ) | |
| AUTOMATION CORPORATION ) | |
| ) | |
| Defendants. ) | |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES

1. **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

| | |
|---|---|
| Dennis Kusturiss (PA I.D. No. 28003)<br>dkusturiss@vuonogray.com<br><br>Erica G. Wilson (PA I.D. No. 316343)<br>ewilson@vuonogray.com<br><br>Mark T. Vuono (PA I.D. No. 33351)<br>mvuono@vuonogray.com<br><br>**VUONO & GRAY, LLC**<br>310 Grant Street, Suite 2310<br>Pittsburgh, PA 15219<br>Telephone: 412.471.1800<br>*Facsimile*: 412.471.4477<br><br>*Attorneys for Plaintiff,*<br>*Harry C. Nagel* | Robert W. Cameron (PA I.D. No. 69059)<br>bcameron@littler.com<br><br>Allison R. Brown  (PA I.D. No. 309669)<br>arbrown@littler.com<br><br>**LITTLER MENDELSON, P.C.**<br>EQT Plaza<br>625 Liberty Avenue, 26th Floor<br>Pittsburgh, PA  15222<br>Telephone: 412.201.7600<br>*Facsimile*:  412.456.2377<br><br>*Attorneys for Defendants* |

2. **Set forth the general nature of the case (patent, civil rights, anti-trust, class action, etc):**

Plaintiff Harry C. Nagel ("Plaintiff" or "Nagel") filed a Complaint against Siemens Industry, Inc. ("SII"), Siemens Rail Automation Carborne Systems, Inc. ("SRACS"), and Siemens Rail Automation Corporation ("SRAC") (collectively, "Defendants"). Plaintiff's two-count Complaint asserts claims for breach of contract and violation of the Pennsylvania Wage Payment and Collection Law ("WPCL").  Specifically, Plaintiff claims that an alleged material diminution of his employment duties and responsibilities constituted Good Reason for him to resign from SII, thereby entitling him to, *inter alia*, severance pay and health benefits per the terms of his Employment Agreement.

Defendants deny that SII breached the Employment Agreement and/or or engaged in any unlawful conduct, and that Plaintiff is entitled to any damages or relief.

3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Rule 26(f) Conference was held on January 11, 2016.  Dennis Kusturiss and Erica G. Wilson, counsel for Plaintiff, and Allison R. Brown, counsel for Defendants, participated.

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:  (Lead Trial Counsel and unrepresented parties shall attend the Rule16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):**

Tuesday, January 26, 2016, at 9:30 a.m.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

The Parties do not anticipate filing any motions under Fed. R. Civ. P. 12.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The Parties have agreed to mediation and have selected the Honorable Eugene Scanlon to serve as mediator. The Parties are in the process of scheduling a date for mediation.

7.  **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

The Parties jointly propose and stipulate that the Fed. R. Civ. P. 26(a) disclosures be exchanged by the Parties no later than February 2, 2016. The Parties do not anticipate any other changes to the timing, form, or requirements of Rule 26(a), and no motion related thereto has been filed at this time.

8.  **Subjects on which fact discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

The Parties anticipate the need for fact discovery regarding all matters alleged in the Complaint and Answer to Complaint and Affirmative and Additional Defenses, as well as regarding Plaintiff's alleged damages and efforts to mitigate the same.

9.  **Set forth suggested dates for the following (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):**

   a.  **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

   February 2, 2016 (7 days from the date of the Initial Scheduling Conference).

   b.  **Date by which any additional parties shall be joined:**

   March 26, 2016 (60 days from the date of the Initial Scheduling Conference).

   c.  **Date by which the pleadings shall be amended:**

   March 26, 2016 (60 days from the date of the Initial Scheduling Conference).

   d.  **Date by which fact discovery should be completed:**

        July 24, 2016 (180 days from the date of the Initial Scheduling Conference).

    **e.** **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

The Parties agree that discovery will start with hard copy documents and then, to the extent needed, production of relevant information from electronic data sources will begin with those that are most readily accessible and easy to search without significant cost.

    **f.** **Date by which plaintiff's expert reports should be filed:**

        To be determined at the Post-Discovery Status Conference.

    **g.** **Date by which depositions of plaintiff's expert(s) should be completed:**

        To be determined at the Post-Discovery Status Conference.

    **h.** **Date by which defendant's expert reports should be filed:**

        To be determined at the Post-Discovery Status Conference.

    **i.** **Date by which depositions of defendant's expert(s) should be completed:**

        To be determined at the Post-Discovery Status Conference.

    **j.** **Date by which third party expert's reports should be filed:**

        N/A

    **k.** **Date by which depositions of third party's expert(s) should be completed:**

        N/A

10. **If the parties agree that changes should be made to the limitations on discovery imposed or Local by the Federal Rules of Civil Procedure Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The Parties do not anticipate any changes or limitation on discovery at the present time.

11. **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration. In particular, answer the following questions:**

See below.

a. **ESI.** Is either party seeking the discovery of ESI in this case?  X  Yes   ☐ No

   If disputed, identify the nature of the dispute _____

b. **Metadata:**  Will any metadata be relevant in this case?   Yes   X No

   If yes, with respect to what ESI? Metadata is not presently anticipated to be relevant in this action.  However, it may become relevant under certain circumstances, such as if a dispute arises as to authenticity or date of creation or modification of ESI.  To the extent a party believes production of metadata for a specific document or targeted group of documents is needed, the parties shall meet and confer in good faith.  The parties agree to preserve potentially relevant metadata, even if it is not being produced.

   If disputed, identify the nature of the dispute _____

c. **Format.**  Have the parties agreed on the format(s) for production of ESI?

   X  Yes   ☐ No

   Searchable PDF format. To the extent a party has a good faith basis to request production of a document or group of documents in an alternative format, the parties shall meet and confer in good faith to discuss.  However, a party shall not be entitled to production of ESI in a second format without demonstrating actual need for production in that alternate format.

   If no, what disputes remain outstanding _____

d. **Clawback Agreement.**  Will the parties be using the Form Inadvertent Production Provision of LCvR 16.1.D?  X  Yes   ☐ No

   If no, will an alternative provision be proposed?  ☐ Yes (Please attach)   ☐ No

e. **Search terms.**  Have the parties agreed on any protocol for review of electronic data? X  Yes   ☐ No

   **If yes, please describe:** Prior to conducting any ESI discovery, the Parties shall meet and confer in good faith to try to reach an agreement on a list of custodians, appropriate date range, and keyword search terms to assist with locating potentially relevant and responsive ESI.  Neither party waives their right to review documents for responsiveness, relevance, confidentiality, and/or privilege.

   If no, please identify what issues remain outstanding _____

5

    f.    **Accessibility.**  Have the parties agreed on what ESI is "reasonably accessible" as defined in R. 26(b)(2)(B)?   Yes   ☐   X   No

    If no, please identify the nature of the dispute: <u>Plaintiff believes that Defendant provides personnel with limited storage capacity for ESI, including e-mails, and that once an individual has exceeded this storage limit, Defendants move ESI to backup tapes.  It is Plaintiff's position that backup tapes containing ESI created on or after May 9, 2012 (the date that Plaintiff's company was purchased by Defendant's predecessor in interest) not otherwise readily accessible are deemed "reasonably accessible" and must be made available to Plaintiff for discovery.</u>

    <u>It is Defendant's position that ESI that is "reasonably accessible" will not include fragmented and deleted data.  To the extent backup tapes or other legacy data systems exist for the relevant time period at issue in this case, those sources will likely be designated by Defendant as not "reasonably accessible" under Rule 26(b)(2)(B), as Defendant continues its good faith investigation of these sources.  Defendant's investigation of the "reasonable accessibility" of other potentially relevant data sources is ongoing at this time.  Defendant agrees to meet and confer with Plaintiff regarding data sources that it identifies as not reasonably accessible.</u>

    <u>Plaintiff reserves the right to contest Defendant's identification of ESI as not "reasonably accessible."</u>

    g.    **Preservation.**  Are there any unresolved issues pertaining to the preservation of ESI?  If so, please describe: <u>None at this time.</u>

    h.    **Other.**  Identify all outstanding issues or disputes concerning ESI

    <u>None.</u>

12.    **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:  (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below.  Those dates will be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling.  In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):**

The Parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery and will be prepared to discuss the following at that time:

      a.      Settlement and/or transfer to an ADR procedure;

      b.      Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;

      c.      Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;

      d.      Dates by which parties' pre-trial statements should be filed;

      e.      Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;

      f.      Dates on which motions *in limine* and *Daubert* motions shall be heard;

      g.      Dates proposed for final pre-trial conference;

      h.      Presumptive and final trial dates.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

None at this time.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

The Parties do not anticipate the need for a special master at this time.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**

Not applicable.

16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The Parties intend to pursue settlement pursuant to the Court's ADR program.

Respectfully submitted this 19th day of January, 2016.

/s/ Dennis Kusturiss
Dennis Kusturiss (PA I.D. No. 28003)
dkusturiss@vuonogray.com
Erica G. Wilson (PA I.D. No. 316343)
ewilson@vuonogray.com
Mark T. Vuono (PA I.D. No. 33351)
mvuono@vuonogray.com
VUONO & GRAY, LLC
310 Grant Street, Suite 2310
Pittsburgh, PA 15219
Telephone: 412.471.1800
*Facsimile*: 412.471.4477

*Attorneys for Plaintiff*

/s/ Allison R. Brown
Robert W. Cameron (PA I.D. No. 69059)
bcameron@littler.com
Allison R. Brown  (PA I.D. No. 309669)
arbrown@littler.com
**LITTLER MENDELSON, P.C.**
EQT Plaza
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
Telephone: 412.201.7600
*Facsimile*:  412.456.2377

*Attorneys for Defendants*