# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY C. NAGEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:15-cv-01669- RCM |
| | ) | |
| v. | ) | |
| | ) | *Electronically Filed* |
| SIEMENS INDUSTRY, INC., SIEMENS | ) | |
| RAIL AUTOMATION CARBORNE | ) | |
| SYSTEMS, INC., AND SIEMENS RAIL | ) | |
| AUTOMATION CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' AMENDED ANSWER TO PLAINTFF'S COMPLAINT AND AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendants,[1] by and through their undersigned counsel, file this Amended Answer and these Affirmative and Additional Defenses to the Complaint filed by Plaintiff Harry C. Nagel ("Plaintiff").

1. Admitted in part; denied in part. Defendant admits that Plaintiff is an adult individual. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 1 of the Complaint; accordingly, those averments are denied.

2. Admitted in part; denied in part. Defendant admits that SII is a Delaware corporation registered to conduct business in Pennsylvania. Defendant denies the remaining averments contained in Paragraph 2 of the Complaint.

---

[1] Siemens Industry, Inc. ("SII") is the only proper defendant in this action, as both Siemens Rail Automation Carborne Systems, Inc. and Siemens Rail Automation Corporation ceased to exist as separate corporate entities following their merger with SII on or about April 1, 2014. Consequently, in this Answer, SII, Siemens Rail Automation Carborne Systems, Inc. and Siemens Rail Automation Corporation are collectively referred to as "Defendant," since SII is the only existing entity.

3.     Denied.

4.     Denied.

5.     Defendant lacks knowledge or information as to what Plaintiff knows or believes, and therefore denies the averments contained in Paragraph 5 of the Complaint.

   5.1.   Admitted, upon information and belief.

   5.2.   Admitted in part; denied in part as stated.  Defendant admits, upon information and belief, that on or about May 9, 2012, Invensys Rail Corporation ("Invensys") acquired PHW.  Defendant further admits, upon information and belief, that Exhibit A to the Complaint is a true and correct copy of a Stock Purchase Agreement between Invensys and PHW.  That document, being a writing, speaks for itself.  Defendant denies the remaining averments contained in Paragraph 5.2 of the Complaint as stated.

   5.3.   Admitted in part; denied in part.  Defendant admits that on or about May 2, 2013, SII acquired Invensys.  Defendant further admits that after the acquisition, Siemens Rail Automation Carborne Systems, Inc. became the new name of the former Invensys business unit which Plaintiff calls "the former PHW business unit" in his Complaint.  The remaining averments contained in Paragraph 5.3 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied.

   5.4.   Denied.

6.     Admitted in part; denied in part as stated. Defendant admits that on or about May 9, 2012, Plaintiff entered into an agreement ("Employment Agreement") with Invensys, and that a true and correct copy of the Employment Agreement is attached to the Complaint as Exhibit B.

The Employment Agreement, being a writing, speaks for itself.  Defendant denies the remaining averments contained in Paragraph 6 of the Complaint as stated.

    7.    Denied as stated.  The Employment Agreement, being a writing, speaks for itself.

    8.    Denied as stated.  The Employment Agreement, being a writing, speaks for itself.

    9.    Admitted.

    10.    Denied as stated.  The Employment Agreement, being a writing, speaks for itself.

    11.    Denied as stated.  The Employment Agreement, being a writing, speaks for itself.

    12.    Denied as stated.  The Employment Agreement, being a writing, speaks for itself.

    13.    Denied as stated.  The Employment Agreement, being a writing, speaks for itself.

    14.    The averments contained in Paragraph 14 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied.

    15.    Admitted in part; denied in part as stated.  Defendant admits that after SII acquired Invensys, SII integrated Invensys, including the former Invensys business unit which Plaintiff calls "the former PHW business unit" in his Complaint, into SII.  Defendant denies the remaining averments contained in Paragraph 15 of the Complaint as stated.

    16.    The averments contained in Paragraph 16 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied.

        16.1.    Denied as stated.  Plaintiff retained overall responsibility for and oversight of the Production and Project Management functions of the former Invensys business unit which Plaintiff calls "the former PHW business unit" in his Complaint.

  16.2. Admitted in part; denied in part.  Defendant admits that Plaintiff was not involved in the initial due diligence discussions concerning the proposed relocation of the production operations of the former Invensys business unit which Plaintiff calls "the former PHW business unit" in his Complaint, because, at that time, Plaintiff owned the building in which those production operations were located and thus had a conflict of interest.  Defendant further admits that a Production Manager who reported to Plaintiff signed a confidentiality agreement in order to participate in the due diligence.  By way of further response, Plaintiff was involved in the final relocation decision. Defendant denies the remaining averments contained in Paragraph 16.2 of the Complaint.

  16.3. Denied.

  16.4. Denied as stated.  By way of further response, see Defendant's response to Paragraph 16.2 of the Complaint.

  16.5. Denied.

  16.6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16.6 of the Complaint; accordingly, those averments are denied.  By way of further response, Plaintiff retained overall responsibility for and oversight of the Project Management functions of the former Invensys business unit which Plaintiff calls "the former PHW business unit" in his Complaint.

  16.7. Denied.

  16.8. Admitted in part; denied in part.  Defendant admits that the Technical Project and Commercial Project Managers for SII were not employed by PHW, because

all employees of the former PHW business unit, including Plaintiff, were SII employees. Defendant denies the remaining averments contained in Paragraph 16.8 of the Complaint.

16.9.   Admitted in part; denied in part as stated.  Defendant admits that information technology was centrally managed within SII.  Defendant denies the remaining averments contained in Paragraph 16.9 of the Complaint as stated.  Plaintiff retained overall responsibility for and oversight of spending authority in regard to the former Invensys business unit which Plaintiff calls "the former PHW business unit" in his Complaint.

16.10.  Denied as stated.  Plaintiff retained overall responsibility for and oversight of the supply chain management and procurement functions of the former Invensys business unit which Plaintiff calls "the former PHW business unit" in his Complaint.

16.11.  Denied as stated.  Plaintiff retained overall responsibility for and oversight of operations and contract delivery obligations with SEPTA and other customers of the former Invensys business unit which Plaintiff calls "the former PHW business unit" in his Complaint.

16.12.  Denied as stated.  Plaintiff retained overall responsibility for and oversight of accounting decisions and pursuit of capital expenditures for the former Invensys business unit which Plaintiff calls "the former PHW business unit" in his Complaint.

17.   Admitted in part; denied in part as stated. Defendant admits that on or about February 14, 2014, Plaintiff sent a letter ("Plaintiff's February 14th Letter") to John Paljug ("Paljug") and Kim Taylor ("Taylor"), a true and correct copy of which is attached as Exhibit C to the Complaint.  Plaintiff's February 14th Letter, being a writing, speaks for itself.  Defendant denies the remaining averments contained in Paragraph 17 of the Complaint as stated.

18. Admitted in part; denied in part as stated. Defendant admits that on or about February 25, 2014, Paljug sent Plaintiff a letter ("Paljug's February 25th Letter"), a true and correct copy of which is attached as Exhibit D to the Complaint. Paljug's February 25th Letter, being a writing, speaks for itself. Defendant denies the remaining averments contained in Paragraph 18 of the Complaint as stated.

19. Admitted in part; denied in part as stated. Defendant admits that on or about July 13, 2014, Plaintiff sent Paljug and Taylor an email ("Plaintiff's July 13th Email"), a true and correct copy of which is attached as Exhibit E to the Complaint. Plaintiff's July 13th Email, being a writing, speaks for itself. Defendant denies the remaining averments contained in Paragraph 19 of the Complaint as stated.

20. Denied as stated. Plaintiff's July 13th Email, being a writing, speaks for itself.

21. Admitted in part; denied in part as stated. Defendant admits that on or about July 29, 2014, Paljug sent Plaintiff a letter ("Paljug's July 29th Letter"), a true and correct copy of which is attached as Exhibit F to the Complaint. Paljug's July 29th Letter, being a writing, speaks for itself. Defendant denies the remaining averments contained in Paragraph 21 of the Complaint as stated.

22. The averments contained in Paragraph 22 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

23. Denied as stated, because Defendant denies that Plaintiff's authority was materially diminished.

24. Admitted in part; denied in part. Defendant admits that in or about January 2015, Plaintiff acknowledged that his replacement would be assuming his duties upon his voluntary

resignation.  Defendant denies the remaining averments contained in Paragraph 24 of the Complaint.

25. The averments contained in Paragraph 25 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied.

26. Admitted in part; denied in part.  Defendant admits that Plaintiff voluntarily resigned on or about April 3, 2015.  The remaining averments contained in Paragraph 25 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied.

## COUNT I

27. Defendant incorporates its responses to Paragraphs 1 through 26 of the Complaint as if set forth fully herein.

28. The averments contained in Paragraph 28 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied.

29. The averments contained in Paragraph 29 of the Complaint state conclusions of law to which no responsive pleading is required.  To the extent a response is required, the averments are denied.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

## COUNT II

30. Defendant incorporates its responses to Paragraphs 1 through 29 of the Complaint as if set forth fully herein.

31. The averments contained in Paragraph 31 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

32. The averments contained in Paragraph 32 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

33. The averments contained in Paragraph 33 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

34. The averments contained in Paragraph 34 of the Complaint state conclusions of law to which no responsive pleading is required. To the extent a response is required, the averments are denied.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant, at all times, acted reasonably and in good faith.

3. Plaintiff has been paid and/or has received all wages, compensation and benefits due to him by virtue of his employment with Defendant.

  4. Plaintiff has been paid and/or has received all wages, compensation and benefits due to him under the Employment Agreement.

  5. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

  6. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

  7. Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

  8. Defendant reserves the right to assert additional defenses or claims that may become known during the course of discovery.

  WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

         Respectfully submitted,

         */s/ Allison R. Brown*
         Robert W. Cameron, (PA ID No. #69059)
          bcameron@littler.com
         Allison R. Brown (PA ID No. #309669)
          arbrown@littler.com
         **LITTLER MENDELSON, P.C.**
         625 Liberty Avenue, 26th Floor
         Pittsburgh, PA  15222
         Telephone: (412) 201-7635/7876
         *Facsimile*:  (412) 456-2377/774-2068

         *Attorneys for Defendants*

Dated:  August 15, 2016

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 15th day of August, 2016, the foregoing document was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

>Dennis J. Kusturiss
>dkursturiss@vuonogray.com
>Mark T. Vuono
>mvuono@vuonogray.com
>Erica G. Wilson
>ewilson@vuonogray.com
>VUONO & GRAY, LLC
>310 Grant Street, Suite 2310
>Pittsburgh, PA 15219

>*s/Allison R. Brown*
>Allison R. Brown