# EXHIBIT 4

# Brown, Allison R.

| | |
|---|---|
| **From:** | Erica G. Wilson <ewilson@vuonogray.com> |
| **Sent:** | Tuesday, March 29, 2016 4:47 PM |
| **To:** | Brown, Allison R.; Cameron, Bob |
| **Cc:** | Dennis J. Kusturiss; Mark T. Vuono |
| **Subject:** | Nagel v. Siemens - ESI conference summary |

Bob and Allison,

This email summarizes our understanding of the items which were discussed during yesterday's ESI teleconference held pursuant to Local Rule 26.2 and provides some updates on our end. If any of your positions have been misstated, please let us know.

**1. The steps the parties have taken to preserve ESI:**
You advised that a litigation hold has been issued for the time period of September 1, 2011 through May 31, 2015. We advised that our client has been instructed to preserve the flash drives containing all of his ESI.

**2. The scope of ESI discovery and an ESI search protocol, including methods to filter the data, such as application of search terms or date ranges:**
You agreed to limiting the date range applicable to ESI searches to September 1, 2011 through May 31, 2015. We had initially asked for a larger time period, but after discussing with our client, we will agree to use this range for the first phase of ESI discovery. We reserve the right to request ESI outside of this date range in the future if it appears to be necessary.

You proposed Harry Nagel, John Paljug, Kevin Riddet, Kim Taylor, Melanie Wallace, Ben Linden, and Marsha Smith as ESI custodians. We requested to add five names to your list. You refused. We proposed swapping two individuals from among our lists of proposed custodians and you said you would get back to us. However, we are no longer willing to limit custodians based on your client's preferences. It is our position that your list of custodians for the first phase of ESI should also include Tom Szurszewski, Jeff Gelpi, Jamie Daugherty, Jessica Shaigen, and Stephan Kline.

You proposed that both sides would agree on search terms and hits would be reviewed for responsiveness and privilege. We need to clarify whether you intend to review only the ESI hits achieved based on the search terms. Additionally, we did not discuss iterative searches, but it is our position that multiple searches of keywords may be necessary to narrow down ESI based on the first round of production.

**3. Procedures to deal with inadvertent production of privileged information under LCvR 16.1.D:**
You indicated that you will be proposing a clawback agreement, which we will consider upon receipt.

**4. Accessibility of ESI, including but not limited to the accessibility of back-up, deleted, archival, or historic legacy data:**
You proposed, and our 26(f) report notes, that ESI discovery will start with the most readily accessible sources, namely, SII's active exchange emails and homedrives. However, on March 24th, you informed us that "that there may not be much in the way of hard copy documents." Further, yesterday you advised us that some data through 2014 has been archived, backups are only retained for 21 days, and the former PHW email was deactivated in January 2015 (after this lawsuit was filed). As such, **circumstances have changed** and we are no longer willing to exclude archives and backups from the first phase of ESI discovery. Doing so will only further delay the case, as it would make repeated rounds of discovery requests inevitable. We understand that whether archives and backup tapes are "reasonably accessible" will be an issue, likely for the court to determine.

1

**5. The media, format and procedures for preserving and producing ESI, including the media, format, and procedures for the Fed. R. Civ. P. 26(a)(1) initial disclosures:**

Our 26(f) report provided for production of ESI in searchable PDF format. We advised you that in the course of further investigation of this case, it has become clear that production in native format, to the extent redaction is not necessary, would be more efficient and less expensive than converting all files to searchable PDFs. We proposed that we amend our agreement where both sides would produce ESI in native format and limit production by searchable PDFs to those files which must be redacted. You refused. This issue will also have to be reviewed by the court.

**6. Allocation of costs of preservation, production, and restoration (if possible and/or necessary) of any ESI:**

You tabled this item as being dependent upon production. It is our position that the parties must bear their own costs of production.

**7. The need for a designated resource person:**

We did not discuss a designated resource person. We can address this in the future if necessary.

Finally, you asked us some questions that we were not able to answer immediately. Our answers follow:
- The most recent date that ESI was transferred to our client's flash drive was on or about April 3, 2015.
- Our client has two personal email accounts that he will have used for personal purposes during the relevant time period and has been instructed to preserve those accounts.

Please advise us as to which of the above areas of disagreement can be resolved by the parties and which must be brought to the judge's attention.


Erica G. Wilson
Vuono & Gray, LLC
310 Grant Street, Suite 2310
Pittsburgh, PA  15219
412-471-1800
412-471-4477 (FAX)

ewilson@vuonogray.com

*The information and any attachments transmitted by this e-mail are considered privileged and confidential attorney work product and/or communication. It is intended only for the use of the recipient(s) named. If the reader of this message is not the intended recipient or the employee, or agent responsible to deliver it to the intended recipient, any dissemination, release or copying of this e-mail is strictly prohibited. If this e-mail has been received in error, please notify the sender immediately by reply e-mail and delete the original message and any attachments from your computer system. If you have any questions concerning this message, please contact the sender at 412-471-1800.*